UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6240 CR-DIMITROULEAS

18 USC § 922(g)(1)

MAGISTRATE JUDGE
SNOW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KENYATTA JARON BROWN,

    Defendant.
_____/

### INDICTMENT

The Grand Jury charges that:

### COUNT I

On or about July 16, 2000, in Broward County and elsewhere, in the Southern District of Florida, the defendant,

KENYATTA JARON BROWN,

having been convicted on or about July 14, 1997, in the Circuit Court, Seventeenth Judicial Circuit, Broward County, Florida, of crimes punishable by imprisonment for a term exceeding one year, that is, carrying a concealed firearm, did knowingly possess a firearm in and affecting commerce, to wit: a Chinese SKS assault

rifle, 7.62 X 39 mm caliber, serial number 1617037, in violation of Title 18, United States Code, Sections 922(g)(1).

A TRUE BILL

_____
FOREPERSON

_____
GUY A. LEWIS
UNITED STATES ATTORNEY

_____
ROGER W. POWELL
ASSISTANT UNITED STATES ATTORNEY

2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA          CASE NO. _____

v.                                **CERTIFICATE OF TRIAL ATTORNEY***

KENYATTA JARON BROWN                                **Superseding Case Information:**

**Court Division:** (Select One)          New Defendant(s)     Yes ___   No ___
                                          Number of New Defendants  ___
___ Miami  ___ Key West                   Total number of counts    ___
X   FTL    ___ WPB ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:       (Yes or No) NO _____
   List language and/or dialect _____

4. This case will take __2__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                            (Check only one)

   I    0 to 5 days        X____        Petty       ____
   II   6 to 10 days       ____         Minor       ____
   III  11 to 20 days      ____         Misdem.     ____
   IV   21 to 60 days      ____         Felony      X____
   V    61 days and over   ____

6. Has this case been previously filed in this District Court? (Yes or No) NO
   If yes:
   Judge: _____     Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) NO _____
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of ___07/16/00_____
   Rule 20 from the _____  District of _____

   Is this a potential death penalty case? (Yes or No) ___NO___

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No   If yes, was it pending in the Central Region? ___ Yes ___ No

8. Did this case originate in the Narcotics Section, Miami? ___ Yes _X_ No

*Roger W. Powell*
ROGER W. POWELL
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 341411

*Penalty Sheet(s) attached                                            REV.6/27/00

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PENALTY SHEET**

Defendant's Name: __KENYATTA JARON BROWN__   No.:_____

Magistrate Case No.:

**Count #:1**
Possession Of A firearm By Convicted Felon

Title 18, United States Code, Section 922(g)(1)

*Max. Penalty: up to 10 years' imprisonment and a $250,000 fine

**Count #:**


*Max. Penalty:

**Count #:**


*Max. Penalty:
**Count #:**


*Max. Penalty:

**Count #:**


*Max. Penalty:

**Count #:**


*Max. Penalty:

1 of 1
**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96