NON-COMPLIANCE OF S.D. fla. L.R.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

                              /    CASE NO.: 00-6240 CR- Dimitrouleas
                                   Magistrate Judge: Snow
UNITED STATES OF AMERICA,/

      Plaintiff,            /

vs.                         /
                            /
KENYATTA JARON BROWN,
                            /
      Defendant.

                            /
_____/

<u>DEFENDANT'S MOTION TO SUPPRESS AND/OR IN LIMINE TO EXCLUDE
PHYSICAL AND TESTIMONIAL EVIDENCE AND REQUEST FOR EVIDENTIARY
HEARING</u>

      COMES NOW, the Defendant, KENYATTA JARON BROWN, by and through

his undersigned attorney, and hereby respectfully requests this

Honorable Court, pursuant to Rules 12(b)(3) and 41(f), of the

Federal Rules of Criminal Procedure and Amendment IV of the United

States Constitution, to suppress all physical and testimonial

evidence resulting from a warrantless search of the defendant's

parked motor vehicle, on July 16, 2000, and/or enter an order in

limine preventing the United States Attorney or any of the United

State's witnesses from discussing, mentioning, testifying to or

bringing before the jury in any way, any and all alleged evidence

concerning the taking or results alleged statements of the search

of the defendant's motor vehicle on or about July 16, 2000, and as

-1-



grounds therefore would state as follows:

1) The defendant was stopped on foot, away from, and not within a distance to come into physical contact with his 1983 Olsmobile Omega motor vehicle on or about July 16, 2000.

2) That the defendant's said motor vehicle was searched after his arrest by officers of the Hallendale Police Department without a warrant.

3) The said motor vehicle, at the time of the search, was and had been parked "off the public streets" and was not in operation.

4) The search of the said motor vehicle amounted to a warrantless search and seizure in violation of the defendant's constitutional rights under the Fourth Amendment to the United States Constitution and the Florida Constitution.

5) The defendant is charged in the instant indictment with a violation of Title 18, United States Code, Section 922(g)(1), resulting from an arrest made by the Hallendale Beach Police Department.

6) The probable cause affidavit (attached hereto as Exhibit "I") attests that the following events lead to the discovery of the weapon which forms the basis of the instant indictment:

a) On July 16, 2000, an officer of the Hallendale Beach Police Department observed the defendant operating a motor vehicle with an expired tag and executed a traffic stop.

b) The defendant exited the vehicle and ran on foot.

-2-

c) A foot pursuit ensued.  The defendant was caught and placed under arrest for resisting arrest without violence.

d) A search of the vehicle was allegedly performed incident to the arrest.

e) An SKS 7.62 mm rifle was found (unloaded) with a green towel wrapped around it on the floor in the rear behind the driver's seat.  The magazine with unknown number of rounds was found in a duffle bag sitting on the rear seat.

7) No objective basis actually existed for the search of the subject vehicle as it actually was and had been stopped and physically not able to be operated prior to and at the time of the arrest of the defendant.

8) No probable cause existed to search and seize the motor vehicle or the contents thereof.

9) Because of the constitutional violations indicated above and under the "fruit of the poisonous tree" doctrine, all evidence, including the weapon, obtained by the illegal search of the motor vehicle should be suppressed.

10) This search was not based upon probable cause to believe the defendant possessed contraband.  The search was not the end product of a valid *Belton* "bright line", *New York vs. Belton*, 453 U.S. 454, 101 S. Ct. 2860, 69 L. Ed. 2d 768 (1981), search incident to arrest.  The search was not the result of a valid *Terry vs. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968), frisk

-3-

for weapons.

11) Attached hereto is the affidavit of the defendant, Keyatta J. Brown, (attached hereto as Exhibit "II") stating that the motor vehicle which was searched by the Hallendale Police Department was and had been for some time prior to the search stationary and unable to be driven and, that the defendant was not in the said motor vehicle when approached by the police officer. The defendant was not "operating" a vehicle and/or violating the motor vehicle laws of the State of Florida at the time of or prior to his arrest.

WHEREFORE, the Defendant respectfully requests this Honorable Court to enter an order suppressing and/or in limine preventing the United States Attorney from making any reference to or bringing before the attention of the jury or making known to the jury in any way, the facts and circumstances stated herein.

### Memorandum of Law

In *Terry vs. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968),the Supreme Court established that it was consistent with the Fourth Amendment for police to stop an individual for brief questioning based upon a reasonable suspicion that a suspect is engaged in criminal activity. When law enforcement observed the defendant he was not operating a motor vehicle and could not have violated the motor vehicle laws of the State of Florida.

Probable cause to search exists "when circumstances known to

-4-

a police officer are such as to warrant a person of reasonable caution in the belief that a search would reveal incriminating evidence." *United States vs. Thornton*, 733 F. 2d 121, 127 (D.C. Cir. 1984). The officer in question would have to know that his search would reveal evidence of a crime. *United States vs. Juarez*, 573 F. 2d 267 (5th Cir. 1978). The officers in question here at no time had reason to believe the search of the vehicle, or even the person, of the defendant, would reveal incriminating evidence. Probable cause to search the motor vehicle of the defendant did not exist at the time of the warrantless search of the defendant's motor vehicle by the Hallendale Beach Police Department.

The Supreme Court, in an opinion by Justice Stewart, in *Belton* reasoned that in fashioning a "bright line" workable rule in a specific category of cases, that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may as a "contemporaneous incident of that arrest", search the passenger compartment of that automobile. The defendant was neither an occupant of an automobile at the time of his arrest or was the search conducted "contemporaneous" or "incident" to the arrest.

Because the warrantless search of the motor vehicle does not fit within any of the exceptions to the warrant requirement, any evidence seized pursuant to the search, whether physical or testimonial, must be suppressed.

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was furnished by mail this ___ day of October, 2001, to: United State Attorney's Office, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, Florida  33394.

LAW OFFICES OF
ROBERT C. STONE
Suite 234 West One Boca Place
2255 Glades Road
Boca Raton, Florida  33431
Telephone:  (561) 995-9350

By: _____
ROBERT C. STONE
Fl. Bar No.: 0106117

<u>AFFIDAVIT</u>

STATE OF FLORIDA      :
COUNTY OF BROWARD:

BEFORE ME, the undersigned notary public, personally appeared KENYATTA JARON BROWN, who, having been first duly sworn according to law, deposes and says:

1. That the undersigned has a personal knowledge of all matters set forth in this affidavit.

2. I was arrested on July 16, 2000, by Officer Matthew R. Cutcher of the Hallendale Beach Police Department.

3. Prior to the time Officer Cutcher approached me I was sitting on a motor vehicle, on the outside thereof, which motor vehicle was not operating.

4. The 1983 motor vehicle searched by the Hallendale Beach Police Department after they arrested me was not occupied by me prior to or at the time of my arrest.

5. The 1983 motor vehicle searched by the Hallendale Beach Police Department after they arrested me on July 16, 2000, was not in operating condition at that time and had been stationary for a long period of time prior to the search.

FURTHER AFFIANT SAYETH NOT.

_____
KENYATTA JARON BROWN

The foregoing instrument (affidavit) was acknowledged before me this ___ day of October, 2001, by KENYATTA JARON BROWN, who is personally known to me and has produced as identification Florida's driver license number _____ and who did take an oath.

_____
ROBERT C. STONE
NOTARY PUBLIC, STATE OF FLORIDA
My Commission Expires:

ROBERT C. STONE
COMMISSION # CC 698034
EXPIRES NOV 20, 2001
BONDED THRU
ATLANTIC BONDING CO., INC.

* * * * * * * * * * * * * * * * * * * * * * * *
EXHIBIT "II"

*1 of 2*

## ☐ COMPLAINT AFFIDAVIT
SHADED FIELDS MUST BE ANSWERED IF DEFENDANT NOT IN CUSTODY

☒ ARREST FOR:

| BROWARD COUNTY ARREST # | H000.765 | | | | OBTS # | 009724032 |
|---|---|---|---|---|---|---|

| Filing Agency | Offense Report | Local ID # | FOLE | FBI |
|---|---|---|---|---|
| HALLANDALE BCH | 00-24421 | | | 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 |

| Defendant's Last Name | First | Middle | SUF | Alias/Street Name | Citizenship |
|---|---|---|---|---|---|
| Brown | KENYATTA | | | N/A | U.S. |

| Race | Sex | Hgt | Eyes | Hair | Wgt | Comp | Age | DOB | Birthplace | Scars, marks, TT |
|---|---|---|---|---|---|---|---|---|---|---|
| B | M | 5'9 | Bwl | BLK | 150 | DK | 20 | 4/24/79 | FL | N/A |

| Permanent Address | Local Address: |
|---|---|
| 832 NW 10 ST #4 Hallandale Bch, FL 33009 | SAME AS PERMANENT |

| Residence Type: | (1) City | (2) County | (3) Florida | (4) Out of State | Place of Employment NONE | Length |
|---|---|---|---|---|---|---|

| How long defendant in Broward County | 20 YEARS | Breathalyser by/CCN | Reading | Place of arrest 1000 FOSTER RD | Date/time arrested 7/16/00 | Arresting officer(s) CCN CUTCHER 6097 |
|---|---|---|---|---|---|---|

| Officer injured Y ☐ N ☒ | Unit 696 | Zone 1 | Beat 1 | Shift A | Trans. Unit 656 | PMD Y ☐ N ☒ | Transporting officer/CCN WILLIAMS 6012 | Pick-up time: | Drug Type. C/M |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Time arrived at BSO: | |

| Type: N-NA A-Amphetamine | B-Barbiturate C-Cocaine E-Heroin | H-Hallucinogen M-Marijuana O-Opium | P-Paraphernalia/ Equipment S-Synthetic | U-Unknown Z-Other | Activity: P | Activity: N-NA P-Possess S-Sell | B-Buy T-Traffic A-Smuggle D-Deliver | E-Use M-Manufacture/ Produce/ Cultivate | K-Dispense/ Distribute Z-Other | Indication of: Alcohol Influence/ Drug Influence/ | Y N UK |
|---|---|---|---|---|---|---|---|---|---|---|---|

| Defendant's Vehicle Make: DODGE | Type: 4000 | Year: 1963 | Color: BLUE | VIN # 1G3AB69X1DW3 |
|---|---|---|---|---|

Attach Defendant's Photo

| Vehicle towed to: N/A | Tag # DO46W | Other identifiers or remarks: |
|---|---|---|

---

Name of victim(s) (if corporation, exact legal name and state of incorporation):

FLORIDA STATE OF

| Count # | Offenses Charged | Citation # if Applicable | FS or Capias/Warrant # |
|---|---|---|---|
| 1 | CARRY CONCEALED WEAPON | | 790.01 |
| 2 | POSSESSION OF COCAINE | | 893.13 |
| 3 | POSSESSION OF MARIJUANA | | 893.13 |
| 4 | RESISTING WITHOUT VIOLENCE | | 643.02 |
| 5 | OPERATING A VEHICLE WITH SUSPENDED DL | 5246 AFP | 322.34 (2) |

### Probable Cause Affidavit

Before me this date personally appeared MATTHEW R. CUTCHER _____ who being first duly sworn deposes and says that on 16 day of JULY , (year) 2000 at 1000 BLK OF FOSTER RD HALLANDALE BCH FL (crime location) the above named defendant committed the above offenses charged and the facts showing probable cause to believe the same are as follows:

I OBSERVED THE ABOVE LISTED DEFENDANT OPERATING THE ABOVE LISTED VEHICLE (TAG# DO46W). THE ABOVE LISTED VEHICLE HAS AN EXPIRED TAG OF 4-24-00. I EXECUTED A TRAFFIC STOP AT THE 1000 BLK. OF NW 9 AVE. AT THAT TIME THE DEFENDANT EXITED THE VEHICLE AND RAN ON FOOT. A FOOT PURSUIT ENSUED FOR APPROXIMATELY 2 MINUTES. I CAUGHT THE DEFENDANT AT THE 1000 BLK OF FOSTER RD. AND PLACED HIM UNDER ARREST.

I swear the above statement is correct and true to the best of my knowledge and belief.

| _____ OFFICER/AFFIANT'S SIGNATURE | MATTHEW CUTCHER 6097 OFFICER'S NAME/CCN | PATROL OFFICER'S DIVISION |
|---|---|---|

STATE OF FLORIDA COUNTY OF BROWARD

The foregoing instrument was acknowledged before me this 16 day of JULY , (year) 2000 who is personally known to me or has produced (ID type) _____ as identification and who DID (did or did not) take an oath. (SEAL OR STAMP IF APPLICABLE)

| A. M. Martinez 67/5271 DEPUTY CLERK OF THE COURT, NOTARY PUBLIC, OR ASSISTANT STATE ATTORNEY | CED/SGT. TITLE OR RANK/CCN |
|---|---|

SEVENTEENTH JUDICIAL CIRCUIT
BROWARD COUNTY
STATE OF FLORIDA
BSO 00-92 (Revised 6 97)

FIRST APPEARANCE/ARREST FORM

(SHOULD ADDITIONAL SPACE BE NEEDED, USE THE PROBABLE CAUSE AFFIDAVIT CONTINUATION.)

Distribution
Orig - Court
2nd - State Attorney
3rd - Filing Agency
4th - Arresting Agency

00003 Exhibit "I" 00000

☐ **COMPLAINT AFFIDAVIT**
PROBABLE CAUSE AFFIDAVIT CONTINUATION

2 of 2    ☒ ARREST FORM

BROWARD COUNTY
ARREST NO. H00-765

OBTS NO. 00A724032

| DEFENDANT'S LAST NAME | FIRST | MIDDLE | SUF. | HGT. | WGT. | RC | SEX | D.O.B. | OFFENSE REPORT | ARRESTING OFFICER (S)/CCN |
|---|---|---|---|---|---|---|---|---|---|---|
| Brown | Kenyatta | J | | 5'9" | 150 | 13 | M | 4-24-71 | 00-24421 | Cutcher 6057 |

| NAME OF VICTIM (IF CORPORATION, EXACT LEGAL NAME AND STATE OF INCORP.) | ADDRESS | PHONE # |
|---|---|---|
| Florida State of | | |

| COUNT NO. | OFFENSES CHARGED | CITATION #, IF APPLICABLE | F.S. # OR CAPIAS/WARRANT # |
|---|---|---|---|
| 6 | Expired Tag over 6 months | 6.246 #FP | 320.07(3)(a) |
| | | | |
| | | | |

Before me this date personally appeared **MATTHEW R. CUTCHER** who being first duly sworn, deposes and says that on 16 day of July, 20 00 at 1000 Blk. of Foster Rd. Hallandale (crime location) the above named defendant committed the above offenses charged and the facts showing probable cause to believe same are as follows:

FOR RESISTING WITHOUT VIOLENCE. K9 OFFICER CHURCH RESPONDED TO MY LOCATION TO AID IN THE SEARCH OF THE ABOVE LISTED VEHICLE. SEARCH INCIDENT TO ARREST, TWO PIECES OF SUSPECT CRACK COCAINE WAS FOUND BETWEEN THE DRIVER SIDE VISOR AND ROOF. THE COCAINE WAS FIELD TESTED POSITIVE USING COBALT THIOCYANATE. THREE SMALL BAGS (APPROX. 10 GRAMS) OF MARIJUANA WAS FOUND UNDER THE DRIVER SIDE SEAT. THE SUSPECT MARIJUANA WAS FIELD TESTED POSITIVE USING DUQUENOIS REAGENT. AN SKS 7.62 MM ASSAULT RIFLE WAS FOUND (UNLOADED) WITH A GREEN TOWEL WRAPPED AROUND IT. THE RIFLE WAS ON THE FLOOR IN THE REAR (BEHIND THE DRIVER SEAT). THE MAGAZINE WITH UNKNOWN NUMBER OF ROUNDS INSIDE (FOR THE SKS ASSAULT RIFLE), WAS FOUND IN A DUFFLE BAG SITTING ON THE REAR SEAT. SEE ATTACHED COPIES OF CRIMINAL HISTORY PER CHIEF JUDGE DALE ROSS. ALSO TELETYPE REVEALED THAT THE OFFENDANT HAS A SUSPENDED DRIVERS LICENSE.

I swear the above statement is correct and true to the best of my knowledge and belief.

_____    MATTHEW R. CUTCHER 6057    PATROL
OFFICER/AFFIANT'S SIGNATURE    OFFICER'S NAME/CCN    OFFICER'S DIVISION

STATE OF FLORIDA COUNTY OF BROWARD

The foregoing instrument was acknowledged before me this 16 day of July, 20 00 who is personally known to me or who has produced (ID Type) _____ as identification and who DID (DID OR DID NOT) take an oath.

_____    67/5271    _____
DEPUTY CLERK OF THE COURT, NOTARY PUBLIC OR ASSISTANT STATE ATTORNEY    TITLE OR RANK/CCN    (SEAL OR STAMP)

J. M. Martinez

Org – Court
2nd – State Atty
3rd – Filing Agency
4th – Arresting Agency

SEVENTEENTH JUDICIAL CIRCUIT
BROWARD COUNTY

00004    APPEARANCE/ARREST FORM