UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,     CASE NO. 00-6240-CR-DIMITROULEAS

    Plaintiff,

vs.

KENYATTA JARON BROWN,

    Defendant.
_____/

### ORDER

THIS CAUSE having been heard upon Defendant's (Brown) October 15, 2001 Motion To Suppress [DE-30] and the Court having received testimony from Officer Matthew Cutcher, Officer Tim Church, Kenyatta Brown, Martha Lawson, at an evidentiary hearing held on October 18 and 25, 2001, having heard arguments of counsel, having determined credibility of witnesses,[1] finds as follows:

    1. On July 16, 2000 at 3:00 A.M. Officer Cutcher was located near the 700 block of Foster Road in Hallandale, Florida when he saw the Defendant's four door 1983 Oldsmobile go by. Cutcher noticed that the Oldsmobile had a tag which had expired in April 2000.

    2. The car turned north onto the 1000 block of NW 9th Avenue, a high crime and drug trafficking area, and Brown then drove over a sidewalk into a vacant lot. Cutcher activated both his blue light and strobe lights and stopped thirty (30) feet behind the Defendant's car.

---

[1] Brown has a prior felony conviction. His testimony that he just happened to be standing by his broken-down car which had been left abandoned in a vacant field at 11:00 P.M. is not credible.

1



3. The Defendant exited his vehicle, walked toward Cutcher, who was wearing a police uniform and had exited his unmarked police car. However, the Defendant then started to run. As Brown ran, Cutcher yelled for him to stop, but Brown held his hands down in front of his shirt and continued to run. The Defendant ran four (4) to five (5) blocks, over fences and through yards, before Cutcher apprehended him. However, Brown's running from the car in a high crime area did not establish probable cause to search the car. It did establish a well founded suspicion for a stop that later developed into probable cause. U.S. v. Gordon, 231 F. 3d 750, 758 (11th Cir. 2000).

4. Cutcher determined that the Defendant had a suspended driver's license.[2] Cutcher also appropriately arrested Brown for Resisting Arrest Without Violence. See Slydell v. State, 792 So. 2d 667, 671 (Fla. 4th DCA 2001); Franklin v. State, 750 So. 2d 63, 65 (Fla. 4th DCA 1999).

5. Officer Church was a back-up officer and helped handcuff the Defendant. Church returned the two (2) to four (4) blocks, less than one-quarter mile, to the scene of the stop and, at the direction of Cutcher, began to search the Defendant's car.

6. Cutcher returned Brown to the scene of the stop, by then Church had already begun his search. The testimony was that the search commenced about two and one-half (2 ½) minutes after the stop of the Oldsmobile. It was probably more like five (5) minutes.

7. During the search, the canine dog went inside[3] the car and alerted to marijuana and

---

[2] After getting the Defendant's name, Cutcher also recognized it as a person who was wanted for a robbery.

[3] Had the dog alerted from outside the car, the Court would not need to further consider the validity of this search. Indianapolis v. Edmond, 121 S. Ct. 447 (2000).

crack cocaine which were located under the seat and under the visor. An assault weapon and a magazine were also located, hidden on the floorboard of the car.

8. The traffic stop for an expired tag was valid. Whren v. U.S., 517 U.S. 806, 811-13 (1996); State v. Stachell, 681 So. 2d 802 (Fla. 2d DCA 1996).

9. Once the Defendant admitted that he did not have a driver's license, probable cause existed to arrest him. As mentioned earlier, probable cause also existed for resisting arrest.

10. A search contemporaneous with that arrest is allowed. New York v. Belton, 453 U.S. 454, 461 (1981). Here, the time delay did not invalidate the search. U.S. v. McLaughlin, 170 F. 3d 889, 891 (9th Cir. 1999)(five minutes after being driven away), but see U.S. v. Vasey, 834 F. 2d 782 (9th Cir. 1987) (30-45 minutes too long); U.S. v. Chaves, 169 F. 3d 687, 691 (11th Cir. 1999) (45 minutes too long). The Defendant need not still be in the car to justify such a search. U.S. v. Johnson, 114 F. 3d 435, 440-41 (4th Cir. 1997) (suspect removed from car and en route to station) but see U.S. v. Bonitz, 826 F. 2d 954, 956 (10th Cir. 1987); U.S. v. Lugo, 978 F. 2d 631, 635 (10th Cir. 1992); U.S. v. Edwards, 242 F. 3d 928, 938 (10th Cir. 2001).

11. Here, Cutcher initiated contact with Brown while Brown was still in the car. U.S. v. Willis, 37 F. 3d 313, 317 (7th Cir. 1994); U.S. v. Mans, 999 F. 2d 966, 968-69 (6th Cir. 1993), cert. denied, 510 U.S. 999 (1993); U.S. v. Arango, 879 F. 2d 1501, 1505 (7th Cir. 1989) cert. denied, 493 U.S. 1069 (1990) (nearly contemporaneous aspect); but see U.S. v. Fafowora, 865 F. 2d 360, 362 (D.C. Cir. 1989). Cutcher did so by turning on his blue light and strobe lights. Thomas v. State, 761 So. 2d 1010 (Fla. 1999), cert. dism., 121 S. Ct. 1905 (2001).[4] Here, the

---

[4] Without a confrontation contact, a Belton search is not permissible. Kavallierakis v. State, 790 So. 2d 1201, 1203 (Fla. 2d DCA 2001).

time and distance between the elimination of danger and the search was reasonable. U.S. v. Han, 74 F. 3d 537 (4th Cir. 1996); U.S. v. Johnson, 114 F. 3d 435 (4th Cir. 1997).

12. Once the dog alerted to drugs inside the car, probable cause existed[5] to search the whole car under the Carroll doctrine. U.S. v. Booker, 186 F. 3d 1004, 1006 (8th Cir. 1999). The dog's search inside the car was reasonable. U.S. v. Diaz-Lizaraza, 981 F. 2d 1216, 1222 (11th Cir. 1993).

Wherefore, Defendant's Motion To Suppress is Denied.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 25 day of October, 2001.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Roger Powell, AUSA

Robert C. Stone, Esquire
2255 Glades Road, #234
Boca Raton, FL 33431

---

[5] U.S. v. Souza, 223 F. 3d 1197, 1206 (10th Cir. 2000); U.S. v. Dortch, 199 F. 3d 193, 197 (5th Cir. 1999).