UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,  /   CASE NO.: 00-6240 CR- Dimitrouleas
    Plaintiff,  /   Magistrate Judge: Snow

vs.  /

KENYATTA JARON BROWN,  /

    Defendant.  /
_____/

### DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE AT SENTENCING

COMES NOW, the Defendant, KENYATTA JARON BROWN, by and through his undersigned attorney, and hereby respectfully submits pursuant to the United States Sentencing Guidelines §4A1.3 (over-representation of criminal history and §5K2.0 (grounds for departure) and moves this Court for a downward departure from the sentencing guideline range, based upon the following:

1) KENYATTA JARON BROWN is a 22 year old young man with a tenth grade education. He resides in a high crime area. The only area he could afford to live.

2) Mr. Brown has had a drug use problem for many years and has been unable to afford or find an appropriate program to allow him to avoid the impulses and need for drugs. He desires to stay off drugs. Much of Mr. Brown's criminal problems relate to his driving



without a valid driver's license. (This problem is related to his drug problem because it is the prior drug conviction which, under Florida law, keeps him from getting a valid driver's license.) While there is no excuse for driving without a valid license this problem is related to his drug problem which underscores his need, as he desires, for a drug program.

3) Mr. Brown's recommended guideline range is 140 to 175 months, if his objection to the presentence investigation report is not sustained, and 100 to 125 months if his objection is sustained.

4) The presentence investigation report calculates a base offense level of 24. This base level would be 14 but for the use of an adjudication of delinquency in Florida State court at the age of 16 for two counts, delivery of cocaine and heroin. This juvenile delinquency at age 16 is used to increase his base level from 14 to 24 (§2K2(a)(6) (prohibited person) vs. §2K2.1(a)(2) (two prior felony convictions of a controlled substance).

5) Regardless of the recommended guideline sentence this Court may depart downward. The Supreme Court has held that a downward departure is justified where the Court determines "certain aspects of the case [are] found unusual enough for it to fall outside the heartland of cases in the Guideline." *Koon vs. United States*, 116 S.Ct 2035, 2046 (1996). The Court adopted the following test for the district Court to follow in assessing the special factors of the case:

> If the special factor is a forbidden factor, the sentencing court cannot use it as a basis for for departure. If the special factor is an encouraged factor, the court is authorized to depart if the applicable Guideline does not already take it into account. If the special factor is a discouraged factor, or an encouraged factor already taken into account by the applicable Guideline, the court should depart only if the factor is presented to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present. If a factor is unmentioned in the Guidelines, the court must, after considering the "structure and theory of both the relevant individual guidelines and the Guidelines taken as a whole," decide whether it is sufficient to take the case out of the Guideline's heartland. The court must bear in mind the Commission's expectation that departures based on grounds not mentioned in the Guidelines will be "highly infrequent." _Id._ at 2045.

6) There are several factors in this case which authorize the Court to depart from the recommended guideline sentence. Age at the time of the juvenile delinquency that moves the base level from 14 to 24, over six years ago, is an "unmentioned" factor. In addition to his youth at the time of the adjudication, at the age of 16, for two counts, one for delivery of cocaine and one for delivery of heroin, Mr. Brown has had no convictions for sale or possession of drugs except for the possession of a small amount of marijuana in the underlying state case which involved the arrest herein.

7) Title 18 U.S.C. §3553(a)(2) states the purposes of sentencing are:

   a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the

offense;

    b) to afford adequate deterrence to criminal conduct;

    c) to protect the public from further crimes of the defendant; and

    d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

All the foregoing purposes can be accomplished justly and effectively by a sentence of incarceration in the range of 37 to 46 months. Where the defendant would be at base level 14 without utilizing the increase due to the delinquency at age 16 and sustaining the defendant's objection. No purpose can be served by incarcerating Mr. Brown for the period calculated in the presentence investigation report.

    8) In the instant case Mr. Brown has acknowledged his wrongdoing and his desire to avoid the use of drugs. He will do everything possible to avoid the use of drugs, and will get a restricted license, as recommended by the State court judge. To avoid driver's license problems in this area with limited mass transportation.

    9) Post offense rehabilitation is an "unmentioned" factor. However, at least three Circuit Court of Appeals have recognized this factor as a basis for downward departure. See *U.S. vs. Core*, 125 F.3d 74 (2nd Cir. 1997); *U.S. vs. Sally*, 116 F.3d 76 (3rd Cir.

1997); *U.S. vs. Rhodes*, 1998 U.S. App. Lexis 13008 (D.C.Cir. 1998). In this case Mr. Brown has acknowledged his wrongdoing, he has and will everything he can to attempt rehabilitate himself.

10) Mr. Brown was 18 months old when his father died. Since birth he has been raised by his maternal grandmother, Helen Brown. He has a child, Skylar James who is seventeen months old; born on June 6, 2000. He would like to both have and maintain a good relationship and support his daughter. He has been unable to see or support his daughter due to his incarceration.

11) While exceptional family circumstances are a "discouraged" factor, see §5H1.6, Mr Brown does have a 17 month old daughter who needs him and who he wants to support and nurture. Although this is a discouraged factor, in combination with other factors and as motivation for his rehabilitation, it can be a basis for a downward departure. *See* §5K2.0 (commentary).

12) Under the sentencing guidelines, this Court has the discretion to impose a sentence that meets the unusual and unique factors of this case. As the Supreme Court stated:

> It has been uniform and constant in the federal
> judicial tradition for the sentencing judge
> to consider every convicted person as an
> individual and every case as a unique study in
> human failings that sometimes mitigate, sometimes
> magnify, he crime and the punishment to ensue.
> We do not understand it to have been the
> Congressional purpose to withdraw all sentencing
> discretion from the United States District Judge.
> *Koons vs. United States*, supra at 2053.

Mr. Brown's failings, especially at a very young age, mitigate what

-5-

should be a fair, just and reasonable punishment that must ensue against the unjustly harsh calculations of guidelines which over represent his criminal history and under-represent the circumstances of his life.

Wherefore, the defendant, KENYATTA JARON BROWN, hereby respectfully submits, pursuant to the United States Sentencing Guidelines §4A1.3 (over-representation of criminal history and §5K2.0 (grounds for departure), and moves this Court for a downward departure from the sentencing guideline range.

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was furnished by hand-delivery/mail this 16th day of January, 2002, to: Roger W. Powell, Esquire, Assistant United State Attorney's Office, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, Florida 33394.

LAW OFFICES OF
ROBERT C. STONE
Suite 234 West One Boca Place
2255 Glades Road
Boca Raton, Florida 33431
Telephone: (561) 995-9350

By: _____
ROBERT C. STONE
Fl. Bar No.: 0106117